IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cr137

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAIME RIOS SANCHEZ (1) | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon the defendant's Motion to Review Detention, pursuant to 18 U.S.C. § 3145(b). (Doc. Nos. 41, 48).

I.     BACKGROUND

On June 9, 2008, the defendant was arrested pursuant to a criminal complaint charging him with violating 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 3: Complaint; Doc. No. 35: Executed Arrest Warrant). A magistrate judge detained the defendant after a hearing on June 19, 2008.[1] (Doc. No. 37: Order).

At the detention hearing, the government relied in part on the presumption of detention in 18 U.S.C. § 3142(e) for certain drug offenses.[2] It also proffered facts against the defendant resulting from a five-month long investigation by the Drug Enforcement Administration (DEA) and from an agent's affidavit in support of the complaint (Doc. No. 11). Those facts relate to a seizure on June 5, 2008, of 70 kilograms of cocaine and Mirandized statements of two witnesses about the defendant's involvement, which allegedly included arranging the delivery of the 70 kilograms of cocaine, providing instructions for delivery, and unloading the cocaine. (Doc. No.

---

[1] Although the hearing was not transcribed, the Court has reviewed a recording of the proceedings.

[2] The government now states that it is not relying on the presumption in arguing for detention in this case. (Doc. No. 42: Response at 4 n.2).

11: Affidavit at 4-5). Surveillance of the defendant's home was described to include known drug dealers coming and going and video recordings of the defendant receiving money from them. Allegedly a total of approximately $1.5 million dollars in cash was seized from vehicles leaving the defendant's residence on two occasions. Finally, the government highlighted the pretrial services report, which cited at least five occasions on which the defendant failed to appear in court for traffic violations.

The defendant presented evidence of his United States citizenship, his family ties to Charlotte, North Carolina, and his employment history for the past ten years. The defendant's work history included records of insurance purchased for his brick masonry business, as well as invoices for jobs. (Doc. No. 46: Ex. 4). The defendant also asserted that his only contact with the law was for minor traffic violations, all of which had then been settled except for one pending ticket.

The magistrate judge found that the presumption of detention applied in this case. (Doc. No. 37: Order). The magistrate judge noted that even if the presumption did not apply, that based on the weight of the government's evidence, the defendant should be detained. The court noted the significance of the amount of cocaine seized on June 5, 2008, and that defendant appeared to be a ringleader. The court was also troubled by defendant's failure to appear on minor charges.

II.   STANDARD OF REVIEW

A district court is required to make an independent, de novo determination when acting on a motion to review a magistrate judge's pretrial detention order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir.

1992); United States v. Brooks, 324 F. Supp. 2d 784, 785 (W.D.N.C. 2004). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings, or may state additional reasons supporting pretrial detention. King, 849, F.2d at 490-91.

Accordingly, the Court has reviewed the entire record in this case, including audio recordings of the probable cause and detention hearings held before the magistrate and the defendant's exhibits in support of his motion for review of the detention order. The Court finds that the defendant has not established the need for an additional evidentiary hearing and that the magistrate judge correctly found that the defendant should be detained pending resolution of his case.

III. DISCUSSION

When a court "finds probable cause to believe that the defendant committed a drug offense for which a maximum penalty of ten years imprisonment or more is prescribed, the court must presume, subject to rebuttal by the defendant, that no combination of conditions upon the defendant's release would reasonably assure the safety of the community and the appearance of the defendant as required. 18 U.S.C. § 3142(e)." United States v. Smith, 79 F.3d 1208, 1209 (D.C. Cir. 1996).

During the probable cause hearing, the magistrate judge found that based on the statements from two witnesses, the defendant was the individual who arranged for the cocaine to arrive in Charlotte. The magistrate judge also found that the defendant was present for the

3

delivery since two vehicles associated with him were there at the seizure; therefore, the government had presented enough information to meet its burden of probable cause.[3] A drug offense involving 70 kilograms of cocaine triggers a maximum penalty greater than ten years' imprisonment. 21 U.S.C. § 841(b)(1)(A). Therefore, the magistrate judge correctly found that the presumption of detention applies in this case.

Considering the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that there are no conditions of release that would reasonably assure his appearance as required and the safety of the community if the defendant were released. The nature and circumstances of the offense involve a large volume of a controlled substance. For purposes of resolving the instant motion, the weight of the evidence against the defendant is strong, as shown from the five-month long DEA investigation, the $1.5 million dollar seizure of currency from vehicles leaving defendant's residence, the June 5, 2008, drug seizure, and statements by alleged co-conspirators about the defendant's role in arranging the delivery of 70 kilograms of cocaine. This type of alleged high-volume drug trafficking presents a significant danger to the community. The length of the defendant's potential sentence combined with his family ties in Mexico establish a flight risk, even if he were required to turn in his passport. Finally, the defendant's record of failing to appear for court appearances contributes to the Court's determination that he must be detained. The defendant's evidence regarding his family ties to Charlotte and work history does not outweigh the factors against his release detailed above.

---

[3]The defendant does not contest this finding of probable cause.

IV.     CONCLUSION

Therefore, after consideration of the factors in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no conditions of release will reasonably assure defendant's appearance nor the safety of the community.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Review Detention and for De Novo Hearing (Doc. No. 41) is **DENIED**.

Signed: July 13, 2008

Robert J. Conrad, Jr.
Chief United States District Judge